1 | DANIEL G. BOGDEN
United States Attorney
2 | CRISTINA D. SILVA
Assistant United States Attorney
3 | Lloyd D. George United States Courthouse
333 Las Vegas Boulevard South, Suite 5000
4 | Las Vegas, Nevada 89101
Telephone: (702) 388-6336
5 | Fax: (702) 388-6418

6 | Counsel for the United States of America

7 |

8 |

9 | **UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

10 |

11 | UNITED STATES OF AMERICA,              )
                                                                          )
12 |                        Plaintiff,                          )
                                                                          )
13 |              v.                                                )        2:11-CV-0017-JCM-PAL
                                                                          )
14 | $100,000.00 IN UNITED STATES          )
CURRENCY,                                            )
15 |                                                                     )
                                 Defendant.               )
_____

16 |                         DEFAULT JUDGMENT OF FORFEITURE

17 |        The United States filed a verified complaint for forfeiture in rem on January 5, 2011.  Docket

18 | #1.  The complaint (#1) alleges the defendant property:

19 |                     a.        is involved in transactions or attempted transactions in violation of 18 U.S.C.

20 |                                § 1956, or is property traceable to such property, and is subject to

21 |                                forfeiture pursuant to 18 U.S.C. § 981(a)(1)(A);

22 |                     b.        is involved in transactions or attempted transactions in violation of 18 U.S.C.

23 |                                § 1957, or is property traceable to such property, and is subject to forfeiture

24 |                                pursuant to 18 U.S.C. § 981(a)(1)(A);

25 | . . .

26 | . . .

c.    constitutes or is derived from proceeds traceable to violations of 18 U.S.C. § 1028, or a conspiracy to commit such offenses, and is subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C);

d.    constitutes or is derived from proceeds traceable to violations of 18 U.S.C. § 1343, a specified unlawful activity as defined in 18 U.S.C. §§ 1956(c)(7)(A) and 1961(1)(B), or a conspiracy to commit such offenses, and is subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C);

e.    is involved in violations of 31 U.S.C. § 5313, or a conspiracy to commit such violations, and is subject to forfeiture pursuant to 31 U.S.C. § 5317(c)(2);

f.    is property traceable to violations of 31 U.S.C. § 5313, or a conspiracy to commit such violations, and is subject to forfeiture pursuant to 31 U.S.C. § 5317(c)(2);

g.    is involved in violations of 31 U.S.C. § 5324, or a conspiracy to commit such violations, and is subject to forfeiture pursuant to 31 U.S.C. § 5317(c)(2); and

h.    is property traceable to violations of 31 U.S.C. § 5324, or a conspiracy to commit such violations, and is subject to forfeiture pursuant to 31 U.S.C. § 5317(c)(2).

It appearing that process was fully issued in this action and returned according to law;

On January 6, 2011, the court entered an order for summons and warrant of arrest in rem for the property and notice and issued the summons and warrant of arrest in rem. #3, #4.

Pursuant to the order (#3), the complaint (#1), the summons and warrant of arrest in rem for the property (#4), and the notice for complaint of forfeiture (#5) were served on the defendant property, and the notice was published according to law. #9. All persons interested in the defendant property were required to file their claims with the clerk of the court within 30 days of the publication of the notice or within 35 days of actual notice of this action, as applicable, followed by the filing of an answer to the complaint within 21 days after the filing of their respective claims.

2

On January 13, 2011, the Internal Revenue Service served the complaint, the order, the summons and warrant of arrest in rem for the property, and the notice by executing them on the defendant property. #5, pages 2, 6-26.

On January 13, 2011, the Internal Revenue Service personally served the complaint, the summons and warrant of arrest in rem for the property, the order, and the notice on Tong Shen and Wei-Yu Lai by and through Richard Schoenfeld, Esq., their counsel at 520 South Fourth Street, Las Vegas, NV 89101. #5, pages 3-4, 6-26.

On January 13, 2011, the Internal Revenue Service personally served the complaint, the summons and warrant of arrest in rem for the property, the order, and the notice on David Chesnoff, Counsel for Tong Shen and Wei-Yu Lai at the Law Office of Chesnoff & Schonfeld, 520 S. Fourth Street, Las Vegas, Nevada 89101. Service was accepted by Richard Schonfeld, Esq. #5, pages 5-26.

Public notice of the forfeiture action and arrest was given to all persons and entities by publication on the official government website www.forfeiture.gov from March 1, 2011, through March 30, 2011. #9, pages 2-4.

On February 14, 2011, the United States filed a settlement agreement, stipulation for entry of judgment of forfeiture as to claimant, and order, regarding the $2,753.00 in United States Currency. Claimant waived, among other things, service of process. #7.

On February 18, 2011, the court entered the order granting the settlement agreement, stipulation for entry of judgment of forfeiture as to claimant, and order. #8.

No person or entity has filed a claim, answer, or responsive pleading within the time permitted by 18 U.S.C. § 983(a)(4) and Fed. R. Civ. P. Supp. Rule G(4) and (5).

On June 10, 2011, the United States filed a request for entry of default against the defendant property and all persons or entities who claim an interest in the defendant property in the above-entitled action. #10.

On June 13, 2011, the clerk of the court entered a default against the defendant property and all persons or entities who claim an interest in the defendant property in the above-entitled action. #11.

3

1    Tong Shen is not in the military service within the purview of the Servicemen's Civil Relief

2    Act of 2003. #10, Exhibit 1.

3    Wei-Yu Lai is not in the military service within the purview of the Servicemen's Civil Relief

4    Act of 2003. #10, Exhibit 2.

5    The allegations of the complaint are sustained by the evidence and are adopted as findings

6    of fact.  The court concludes as a matter of law that the United States is entitled to the relief requested

7    in the complaint.

8    NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that

9    default judgment of forfeiture be entered against the defendant property and all persons or entities who

10   claim an interest in the defendant property in the above-entitled action.

11   IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that said property be, and the

12   same is hereby forfeited to the United States of America, and no right, title, or interest in the property

13   shall exist in any other party.

14   IT IS HEREBY CERTIFIED, pursuant to 28 U.S.C. § 2465(a)(2), that there was reasonable

15   cause for the seizure or arrest of the defendant property.

16

17   _____

     UNITED STATES DISTRICT JUDGE

18

19   DATED:_____
                  July 12, 2011

20

21

22

23

24

25

26

4